685 S.E.2d 812

**Representative Harold MITCHELL, Petitioner,**

v.

**SPARTANBURG COUNTY LEGISLATIVE DELEGATION, Respondent.**

No. 26739.

Supreme Court of South Carolina.

Heard Oct. 6, 2009.

Decided Nov. 9, 2009.

---

Charles J. Hodge and T. Ryan Langley, both of Spartanburg, for Petitioner.

J. Derham Cole, Jr., of Cole Law Firm, of Spartanburg, Ralph Keith Kelly, of Lister Flynn & Kelly, of Spartanburg, Suzanne Boulware Cole, of Collins & Lacy, of Greenville, Glenn G. Reese, of Inman, Harvey S. Peeler, Jr., of Gaffney, Joey Millwood, of Landrum, Lee Bright, of Roebuck, Mike Anthony, of Union, and Shane R. Martin, of Pauline, for Respondent.

Bradley S. Wright, Charles F. Reid, Bonnie B. Goldsmith, and Jennifer L. Dobson, all of Columbia, for Amicus Curiae, Robert W. Harrell, Jr. Speaker.

Michael R. Hitchcock, S. Phil Lenski, and Kenneth M. Moffitt, all of Columbia, for Intervenor, President, Pro Tempore of S.C. Senate.

Chief Justice TOAL.

Because Harold Mitchell's (Petitioner) petition presents an issue of great public interest, we exercise our authority to review this matter in our original jurisdiction. S.C. Const. art. V, § 5; Rule 245, SCACR; *Key v. Currie*, 305 S.C. 115, 116, 406 S.E.2d 356, 357 (1991).

## FACTS/PROCEDURAL HISTORY

Following the November 2008 elections, the Spartanburg County Legislative Delegation (Respondent) consisted of thirteen members from the House and Senate.[1]  On November 10, 2008, Respondent met and elected Rep. Lanny Littlejohn to serve as its Chairman by a vote of nine to four and Rep. Keith Kelly to serve as Vice–Chairman by a vote of eight to five. Subsequent to that meeting, Sen. Lee Bright sought an opinion from South Carolina Senate legal counsel regarding the procedure Respondent used in selecting officers.  That inquiry resulted in a letter written to Sen. Bright by Senate staff members John Hazzard and Michael Hitchcock that concluded *Vander Linden v. Hodges*, 193 F.3d 268 (4th Cir.1999) requires weighted voting in selecting delegation officers.  In response, Rep. Keith Kelly sought an opinion from House counsel on the issue.  House counsel concluded that selection of delegation officers is a matter of internal administrative procedure and does not constitute the sort of governmental action requiring weighted voting as contemplated by *Vander Linden*.

The members of the delegation split into two factions over whether the officers of the delegation should be elected by a simple majority of the delegation or by weighted vote according to the number of constituents in each member's district. The result of this split was that each group held its own meetings as the county delegation.

Petitioner filed a petition on April 4, 2009 seeking the original jurisdiction of this Court to resolve this dispute. Subsequent to the filing of the petition to this Court, Respondent held a meeting on May 4, 2009.  At that meeting, a compromise was reached and a vote held whereby the following officers were selected:  Rep. Lanny Littlejohn as Chairman and Sen. Shane Martin as Vice–Chairman.  No information was given to the Court about the compromise election until briefs were filed in this matter.  This Court issued an Order dated June 11, 2009 accepting the petition, directing the

1. The delegation was comprised of Representatives Rita Allison, Mike Anthony, Derham Cole, Jr., Mike Forrester, Keith Kelly, Lanny Littlejohn, Joey Millwood, Harold Mitchell, and Steve Parker;  Senators Lee Bright, Shane Martin, Harvey Peeler, and Glenn Reese.

Petitioner to submit a brief, and dispensing with formal requirements of a transcript of record given the circumstances of this particular matter.

## ISSUE

Is the election of officers to a legislative delegation in South Carolina a procedural matter such that a simple majority vote is appropriate or a substantive matter such that a weighted vote is required?

## LAW/ANALYSIS

Petitioner argues the election of officers to a legislative delegation is a procedural matter such that the simple majority method is appropriate. We agree.

In *Vander Linden*, the Fourth Circuit concluded that the Equal Protection Clause's one person, one vote requirement applied to South Carolina's legislative delegations. *Vander Linden*, 193 F.3d at 281. The Fourth Circuit did not dictate a remedy, but remanded the case in order to permit the South Carolina legislature to correct the constitutional defect. *Id.*

In determining that the one person, one vote rule applied to the election of legislative delegations the Fourth Circuit stated, "Focusing on whether the delegations exercise governmental functions seems to us entirely appropriate." [2] *Id.* at 275. "Surely it is fair to infer ... that the one person, one vote rule does not apply to the election of officials who do *not* 'perform governmental functions.' " *Id.* (emphasis in original).

---

2. The governmental functions of the legislative delegation at issue in *Vander Linden* included: (a) making and/or recommending appointments to boards and commissions; (b) approving and/or recommending the expenditure of money allocated by the South Carolina General Assembly for highways, parks, recreation, tourism, and other matters; (c) approving the budgets of local school districts; (d) initiating referenda regarding the budgetary powers and the election of governing bodies for a special purpose in public service districts; (e) approving the reimbursement of expenses for county planning commissioners; (f) approving county planning commission contracts with architects, engineers, and other consultants; (g) altering or dividing school districts of counties; (h) reducing existing special school levies in counties and school districts; and (i) submitting grant applications for planning, development, and renovating park and recreation facilities. *Vander Linden*, 193 F.3d at 271.

Respondent admits that the offices of Chairman and Vice–Chairman are ceremonial, *pro forma* positions. Furthermore, the Chairman and Vice–Chairman: (a) cannot take any action on behalf of the delegation save for calling a meeting to order and certain other procedural matters, (b) cannot independently exercise any of the substantive functions of the delegation except by virtue of their roles as voting members, and (c) are not accorded greater weight when voting by virtue of their positions as delegation officers. Thus, these officers do not perform substantive duties and perform no governmental functions that raise the concerns at issue in *Vander Linden.* Therefore, *Vander Linden's* weighted voting remedy does not apply to the election of Chairman and Vice–Chairman, and these offices can be elected by a simple majority vote of the delegation.

## CONCLUSION

For the aforementioned reasons, we find that a simple majority vote is the appropriate method of electing county legislative delegation officers.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.